UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,     )  | |
|     ) | |
|   Plaintiff,     ) | |
|     ) | |
| v.     ) | No. CR-22-005-R |
|     ) | CIV-25-1477-R |
| MARIA JULIA BAEZA-MEDRANO,     ) | |
|     ) | |
|   Defendant.     ) | |

### **ORDER**

Before the Court is Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 705]. In a previous order [Doc. No. 706], the Court instructed Defendant to show cause as to why the motion should not be dismissed as untimely. Defendant then submitted a second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 708] which the Court construes as her response to the show cause order. The second motion states that her filing is timely because she "didn't know [she] could file until now and [she] was prohibited by being misled to make any filings."

Section 2255 imposes a one-year statute of limitations for federal prisoners to bring their motion. The limitation period runs from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the

> Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Defendant pled guilty and did not file a direct appeal. Her sentence and judgment of conviction was entered on October 26, 2023. The judgment became final fourteen days later. *See* Fed. R. App. P. 4(b)(1)(A) Fed. R. App. P. 4(b)(1)(A)(i) (requiring notice of appeal within 14 days after entry of criminal judgment); *United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."). Defendant filed her motion on December 8, 2025, well past the expiration of the one-year time limit contained in § 2255(f)(1). Although her subsequent filing suggests that she was unaware that she could file her motion at an earlier time, "[i[t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quotation omitted); *see also United States v. Galindo*, 406 F. App'x 322, 324 (10th Cir. 2011). Petitioner has not presented any valid factual or legal basis that might warrant equitable tolling.

Accordingly, the Petition is dismissed as untimely and a Certificate of Appealability is denied.

IT IS SO ORDERED this 2nd day of February, 2026.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE